IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARLENE KAMINSKI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A. and BANK OF AMERICA CORPORATION,<br><br>Defendants. | )<br>)<br>) Case No. 1:16-cv-10844<br>)<br>)<br>)<br>)<br>) COLLECTIVE ACTION<br>)<br>)<br>) JURY TRIAL DEMANDED<br>)<br>) |

**COLLECTIVE ACTION COMPLAINT**

Representative Plaintiff, Arlene Kaminski ("Plaintiff"), individually and on behalf of all other similarly situated employees, by and through her counsel, brings claims as a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* (the "FLSA"), and as a Class Action pursuant to the Federal Rules of Civil Procedure, Rule 23 and in accordance with Illinois state wage and hour law against Defendants, their subsidiaries and affiliates, and allege, upon personal belief as to Plaintiff and her own acts, and as for all other matters, upon information and belief, and based upon the investigation made by Plaintiff's counsel, as follows:

**NATURE OF ACTION**

1. Plaintiff contends that Defendants violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS §§105 *et seq.*, by knowingly suffering or permitting Plaintiff and the Class members to work in excess of 40 hours per week without properly compensating them at an overtime rate for those additional hours.

1

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer… in any Federal or State court of competent jurisdiction." The Representative Plaintiff has signed an opt-in consent form to join this lawsuit. (Exhibit A).

3. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 because Plaintiffs' claims arise under the FLSA and also pursuant to 28 U.S.C. §1332(a)(1), because the matter in controversy in this civil action exceeds $75,000.00, exclusive of interest and costs and the parties are residents of different states.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because Defendants reside in, and do business within, this District and because the actions and omissions giving rise to the claims pled in this Complaint occurred within this District.

## PARTIES

6. Named Plaintiff, Arlene Kaminski is a resident of Illinois and worked for Defendants in their Chicago, Illinois office as a Treasury Management Advisor during the applicable statute of limitations period. Throughout this period, Plaintiff was an "employee" as defined by the FLSA, 29 U.S.C. §203(e)(1).

7. Defendant, Bank of America, N. A. is a Delaware corporation with its principal place of business located in Charlotte, North Carolina. Defendant provides banking and corporate account services to customers throughout this District and nationwide.

8. Defendant, Bank of America Corporation is a Delaware corporation with its principal place of business located in Charlotte, North Carolina. Defendant provides banking and corporate account services to customers throughout this District and nationwide.

9. Specifically, Plaintiff was employed at Defendants' Chicago Financial Center headquarters, located at 135 South LaSalle Street, Chicago, Illinois. At all times relevant, Defendants were Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. §203(d) and were actively engaged in the conduct described herein. Throughout the relevant period, Defendants employed Plaintiff and similarly situated employees within the meaning of the FLSA.

## FACTS

10. Plaintiff and class members ("Plaintiffs") are individuals who have worked for Defendants as Treasury Management Advisors, Senior Specialist-Securities, or any other similarly titled position during the statutory period (hereinafter referred to as "TMAs"). Plaintiffs all shared similar job titles, training, job descriptions, job requirements and compensation plans, amongst other things.

11. Plaintiff and other similarly situated TMAs' primary duty involved servicing Defendants' customers. More specifically, Plaintiff and other similarly situated TMAs handled email and executed requests from Defendants' customers related to their accounts. Plaintiff and other similarly situated TMAs also managed Defendants' customer's accounts. More specifically, Plaintiff and other similarly situated TMAs managed escrow accounts from pay agencies, transferred or sent out funds, made payments on bonds, and made principal and interest payments, among other things.

12. Defendants managed Plaintiff's work, including the amount of hours worked by TMAs. Defendants dictated, controlled and ratified the wage and hour and all related employee compensation policies.

13. Under Defendants' uniform policy, Plaintiff and other similarly situated TMAs were compensated on a salary basis, based on a 40 hour workweek. Nonetheless, Defendants encouraged, required and/or permitted Plaintiff and other similarly situated TMAs to work more than 40 hours per week.

14. Plaintiffs regularly worked more than 40 hours per week and at times more than 50 hours per week.

15. Defendants misclassified Plaintiffs as exempt from the FLSA and the IMWL even though Plaintiffs did not meet any tests for exemption.

16. Defendants violated the FLSA and IMWL by not paying Plaintiffs an overtime premium when they worked more than 40 hours per week.

17. Defendants knew, and were aware at all times, of the above mentioned violations.

18. The conduct alleged above reduced Defendants' labor and payroll costs.

19. Plaintiff and class members were subject to Defendants' uniform policies and practices and were victims of Defendants' schemes to deprive them of overtime compensation. As a result of Defendants' improper and willful failure to pay Plaintiff and other similarly situated TMAs in accordance with the requirements of the FLSA and IMWL, Plaintiffs and class members suffered lost wages and other damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff brings this collective action for herself and all others similarly situated pursuant to 29 U.S.C. §216(b) to recover unpaid overtime wages, liquidated damages and other damages related to Defendants' violation of the FLSA.

21. Plaintiff pursues the requested relief on behalf of the following Class:

> **All individuals who currently work, or have worked, for the Defendants as a Treasury Management Advisor, Senior Specialist-Securities, or any other similarly titled position during the applicable statute of limitations period and performed overtime work without receiving all wages owed for such work.**

22. Representative Plaintiff is a member of the Class with whom she seeks to represent because Plaintiff was employed by Defendants during the relevant period, was misclassified as exempt, was routinely suffered or permitted to work more than 40 hours per week and was not paid overtime for any time worked over 40 hours per week.

23. Specifically, even though they did not satisfy any test for exemption, Defendants engaged in a common scheme to misclassify Plaintiff and other Class members as exempt to avoid paying them overtime pay when they worked in excess of 40 hours per week.

24. Although Plaintiff and the Class members may have had different job titles and/or worked in different locations throughout the relevant period, this action may be properly maintained as a collective action because:

   a. Plaintiff and the Class members were all paid a salary based on a 40 hour workweek.

   b. Plaintiff and the Class members worked in excess of 40 hours per week;

   c. Defendants misclassified Plaintiff and Class members as exempt from the FLSA;

5

d. Regardless of their job title or location, Defendants did not pay Plaintiff and the Class members an overtime premium of 1½ times their regular hourly rate for all time worked in excess of 40 hours per week; and

e. Defendants maintained common timekeeping and payroll systems and policies with respect to Plaintiff and the Class members, regardless of their job title or location.

25. Defendants encouraged, suffered and permitted the Representative Plaintiff and the collective class to work more than forty (40) hours per week without proper overtime compensation.

26. Defendants knew that Representative Plaintiff and the collective class members performed work that required additional wages and overtime compensation to be paid. Nonetheless, Defendants operated under a scheme, as described above, to deprive the Representative Plaintiff and the collective class of wages and overtime compensation.

27. Defendants' conduct, as alleged herein, was willful and has caused significant damage to Representative Plaintiff and the collective class.

28. Defendants are liable under the FLSA for failing to properly compensate Representative Plaintiffs and the collective class. Plaintiffs request that the Court authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. §216(b), for the purpose of seeking unpaid wages, unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

29. Plaintiff estimates that the Class, including both current and former employees over the relevant period, will include at least fifty (50) members. The precise number of Class members should be readily available from Defendants' personnel, scheduling, time and payroll records, and from input received from the class members as part of the notice and "opt-in"

process provided by 29 U.S.C. §216(b). Given the composition and size of the Class, its members may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in Defendants' offices.

## CLASS ALLEGATIONS

30. The Representative Plaintiff brings claims for relief on her own and as a class action pursuant to Rule 23(a) and Rule 23(b). The class is defined as:

> **All individuals who currently work, or have worked, for the Defendants as a Treasury Management Advisor, Senior Specialist-Securities, or any other similarly titled position during the applicable statute of limitations period and performed overtime work without receiving all wages owed for such work.**

31. This action is properly maintainable as a class action because:

   a. The class is so numerous that joinder of all members is impracticable;

   b. There are questions of law or fact that are common to the class;

   c. The claims or defenses of the representative parties are typical of the claims or defenses of the class; and

   d. The Representative Plaintiff will fairly and adequately protect the interests of the class.

## Numerosity

32. On information and belief, the total number of putative class members represents at least 50 individuals. The exact number of class members may be determined from Defendants' records.

## Commonality

33. There are numerous and substantial questions of law and fact common to members of the state classes including, but not limited to, the following:

   a. Whether Plaintiff and the Class members were all paid a salary based on a 40 hour workweek;

7

    b. Whether Plaintiff and the Class members, by definition, all worked in excess of 40 hours per week;

    c. Whether Defendants misclassified Plaintiff and Class members as exempt from the FLSA;

    d. Whether Defendants maintained common timekeeping and payroll systems and policies with respect to Plaintiff and the Class members, regardless of their job title or location.

    e. Whether Defendants failed to pay Plaintiff and the Class members, an overtime premium of 1½ times their regular hourly rate for all time worked in excess of 40 hours per week; and

    f. Whether Defendants failed to pay Plaintiff and class members all compensation rightfully owed.

34. Plaintiff anticipates that Defendants will raise defenses that are common to the class.

## Adequacy

35. The Representative Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained experienced counsel who are competent in the prosecution of complex litigation and who have experience acting as class counsel specifically in wage and hour litigation.

## Typicality

36. The claims asserted by the Representative Plaintiff are typical of the class members she seeks to represent. The Representative Plaintiff has the same interests and suffers from the same injuries as the class members.

37. Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual

8

litigation against one's employer. However, if any such class member should become known, he or she can opt out of this action pursuant to Rule 23.

### Common Questions of Law and Fact Predominate and a Class Action is Superior to Joinder of Claims or Individual Lawsuits

38. The numerous common questions of law and fact set forth in the commonality discussion above predominate over individual questions because Defendants' alleged underlying activities and impact of their policies and practices affected class members in the same manner: they were subjected to a policy of suffering overtime work without overtime pay.

39. A class action is superior to other available means for the fair and efficient adjudication of this controversy because the individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expenses if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests.

## COUNT I
### VIOLATION OF THE FLSA

40. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

41. Defendants operate an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and are engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

42. Plaintiff and the Class members are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b).

43. FLSA Section 207(a)(1) states that an employee must be paid an overtime rate, equal to at least 1½ times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

44. Throughout the relevant period, Defendants violated the FLSA by engaging in a common scheme to misclassify Plaintiff and the Class members as exempt from the FLSA's overtime pay requirement, even though they did not satisfy any test for exemption.

45. Throughout the relevant period, Defendants violated the FLSA by routinely suffering or permitting Plaintiff and the Class members to work overtime hours per week without paying them overtime wages for these hours.

46. Throughout the relevant period, Plaintiff and the Class members worked in excess of 40 hours per week, but were not paid an overtime premium of 1½ times their regular hourly rate for those additional hours.

47. Plaintiff and the Class members have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of overtime wages owed for time worked in excess of 40 hours per week from which Defendants derived a direct and substantial benefit.

## COUNT II
### VIOLATION OF ILLINOIS MINIMUM WAGE LAW

48. Plaintiff incorporates by reference all preceding paragraphs.

49. Plaintiff is a member of a class that meets the requirements for certification and maintenance of a class action pursuant to Rule 23.

50. Defendants are an "employer" and Plaintiff and class members are "employees" under Illinois Minimum Wage Law ("IMWL"), 820 ILCS §§105 et seq.

51. The IMWL, 820 ILCS §§105 et seq., requires employers to pay employees minimum wages for all hours worked. Section 105/4(a) of the IMWL requires employers to pay employees one and one half times their regular rate for all hours worked over forty (40) per work week. Section 105/12 of the IMWL provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorney's fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments and other appropriate relief.

52. Defendants violated the IMWL, 820 ILCS §§105 et seq., by engaging in a common scheme to misclassify Plaintiff and the Class members as exempt from the IMWL's overtime pay requirement, even though they did not satisfy any test for exemption.

53. Throughout the relevant period, Defendants violated the IMWL by routinely suffering or permitting Plaintiff and the Class members to work overtime hours per week without paying them overtime wages for these hours.

54. Throughout the relevant period, Plaintiff and the Class members worked in excess of 40 hours per week, but were not paid an overtime premium of 1½ times their regular hourly rate for those additional hours.

55. Plaintiff and the Class members have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of overtime wages owed for time worked in excess of 40 hours per week from which Defendants derived a direct

and substantial benefit. Defendants also failed to pay overtime pay and other benefits to Plaintiffs and class members.

56. Plaintiff and class members are also entitled to injunctive relief to prevent Defendants from continuing their violation of these statutory provisions and other appropriate class-wide injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, ARLENE KAMINSKI, individually and on behalf of all others similarly situated, by and through her attorneys demand judgment against the Defendants and in favor of the Plaintiff and all others similarly situated, for a sum that will properly, adequately and completely compensate Plaintiff for the nature, extent and duration of her damages, the costs of this action and as follows:

A. Order the Defendants to file with this Court and furnish to counsel a list of all names, telephone numbers, email addresses and home addresses of all Treasury Management Advisors, Senior Specialist-Securities, or any other similarly titled position who have worked for the Defendants within the last three years;

B. Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all Treasury Management Advisors, Senior Specialist-Securities, or any other similarly titled position who have worked for the Defendants within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of regular wages and overtime compensation, as required by the FLSA;

C. Certify Count I as a collective action and Count II as a class action;

D. Appoint Stephan Zouras, LLP as counsel for the Plaintiffs;

E. Declare and find that the Defendants committed one or more of the following acts:

    i. Violated provisions of the FLSA by failing to pay regular wages, overtime wages and other benefits to Plaintiffs and similarly situated persons who opt-in to this action;

    ii. Willfully violated provisions of the FLSA; and

12

   iii. Violated the Illinois Minimum Wage Law, 820 ILCS §105 *et seq.,* by failing to pay overtime wages to Plaintiffs and class members.

F. Award compensatory damages, including all pay owed and wrongful deductions made, in an amount according to proof;

G. Award 2% per month interest on all overtime compensation due accruing from the date such amounts were due until it is paid;

H. Award liquidated damages on all compensation due accruing from the date such amounts were due;

I. Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

J. Grant leave to amend to add claims under applicable state and federal laws;

K. Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

L. For such further relief as the Court deems just and equitable.


Dated: November 23, 2016   Respectfully Submitted,


    */s/ Ryan F. Stephan*
    Ryan F. Stephan
    Catherine T. Mitchell
    Stephan Zouras, LLP
    205 N. Michigan Avenue, Suite 2560
    Chicago, Illinois 60601
    312-233-1550
    rstephan@stephanzouras.com

    **ATTORNEYS FOR THE PLAINTIFFS**