# EXHIBIT 1

DocuSign Envelope ID: 0B2C9EE3-4A60-4A11-89CB-4ABD40764BE6

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ARLENE KAMINSKI, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:16-cv-10844 |
| BANK OF AMERICA, N.A., | ) ) | |
| Defendant. | ) ) ) | |

## JOINT STIPULATION OF SETTLEMENT AND RELEASE

1.      This Joint Stipulation of Settlement and Release (the "Settlement Agreement") is made and entered into by and between Plaintiff Arlene Kaminski ("Plaintiff" or "Class Representative"), on behalf of herself and all members of the "Plaintiff Class" as defined herein, on the one hand, and Defendant Bank of America, N.A. ("Defendant" or the "Bank"), on the other hand.

2.      The Class Representative, the Plaintiff Class, and Defendant are referred to collectively herein as the "Parties."

3.      "Class Counsel" means Ryan F. Stephan and Catherine Mitchell of Stephan Zouras, LLP.

4.      "Defendant's Counsel" means Michael D. Mandel, Sylvia J. Kim, and Katherine Lennox of McGuireWoods LLP.

5.      "FLSA Collective Members" means all current and former Operations Market Professionals employed by Defendant nationwide in the internal job code OS005 who reported through the same management chains as Plaintiff from November 23, 2013 through and including the date the Court enters an Order preliminarily approving the terms and conditions of this Settlement Agreement and as set forth in Exhibit H.[1]

6.      "Illinois Rule 23 Class Members" means all current and former Operations Market Professionals employed by Defendant in the State of Illinois in the internal job code OS005 who reported through the same management chains as Plaintiff from November 23, 2013

---

[1] The parties agree that they will maintain Exhibit H as confidential, and will not file it with the Court unless and until the Court requires it.  However, upon final approval of this settlement, the parties may file with the Court a list of all FLSA Collective Members who have submitted claims, and a list of all Rule 23 Class Members who are bound by this settlement and the judgment that will be entered in this case.

1

DocuSign Envelope ID: 0B2C9EE3-4A60-4A11-89CB-4ABD40764BE6

through and including the date the Court enters an Order preliminarily approving the terms and conditions of this Settlement Agreement and as set forth in Exhibit H.

7.     "New York Rule 23 Class Members" means all current and former Operations Market Professionals employed by Defendant in the State of New York in the internal job code OS005 who reported through the same management chains as Plaintiff from November 23, 2010 through and including the date the Court enters an Order preliminarily approving the terms and conditions of this Settlement Agreement and as set forth in Exhibit H.

8.     "Plaintiff Class" or "Plaintiff Class Members" means and refers collectively to the FLSA Collective Members and the Rule 23 Class Members.

9.     "Settlement Class" or "Settlement Class Members" means all FLSA Collective Members who timely consent to join the Lawsuit and/or Rule 23 Class Members who have not timely opted-out of the settlement described in this Settlement Agreement and who have instead timely submitted a claim on a properly-completed Claim Form (as defined below) before the Claim Deadline (as defined below).

## BACKGROUND AND OVERVIEW OF SETTLEMENT

10.     On November 23, 2016, Class Representative filed a putative class and collective action Complaint against Defendant in the United States District Court for the Northern District of Illinois, Case No. 1:16-cv-10844 therein, which is pending before the Honorable Robert W. Gettleman (the "Lawsuit").

11.     On January 24, 2017, Class Representative filed a First Amended Complaint ("FAC") against Defendant in the Lawsuit.

12.     On May 8, 2017, Class Representative filed a Second Amended Complaint ("SAC") against Defendant in the Lawsuit.

13.     For the purposes of this Settlement Agreement only, Plaintiff and Defendant hereby stipulate and agree, subject to the Court's entry of an order approving the same, that Plaintiff has leave to file the Third Amended Complaint ("TAC") attached hereto as Exhibit A, which includes added claims for unpaid overtime wages pursuant to the New York Labor Laws ("NYLL") and/or New York Codes, Rules and Regulations, in connection with the Court granting preliminary approval of this Settlement Agreement, which shall relate back to the date of the filing of Plaintiff's original Complaint commencing the Lawsuit, with Defendant's currently operative Answer to the SAC being deemed to be its Answer to the TAC.  Should, for whatever reason, the settlement set forth in this Settlement Agreement not become final, the TAC shall be deemed stricken, null and void *ab initio*, with the previously-filed SAC in the Lawsuit remaining the operative pleading.

14.     In the Lawsuit, Class Representative alleges claims for (1) overtime wages pursuant to the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, (2) overtime wages pursuant to the Illinois Minimum Wage Law ("IMWL"), 820 ILCS §§ 105 *et seq.*, and (3) overtime wages pursuant to the NYLL.  The gravamen of Class Representative's allegations are

DocuSign Envelope ID: 0B2C9EE3-4A60-4A11-89CB-4ABD40764BE6

that Defendant misclassified her, and all similarly-situated individuals, as exempt from overtime and related requirements under the FLSA and applicable state law.

15.     The Lawsuit seeks certification of a putative FLSA collective action consisting of "[a]ll individuals who currently work, or have worked, for the Defendant as a Senior Specialist-Securities, Operations Market Professional, or any other similarly titled position during the applicable statute of limitations period and performed overtime work without receiving all wages owed for such work."  The Lawsuit also seeks certification of a putative Fed. R. Civ. P. Rule 23 ("Rule 23") class of "[a]ll individuals who currently work, or have worked, for the Defendant as a Senior Specialist-Securities, Operations Marketing Professional, or any other similarly titled position, in the states of Illinois and New York during the applicable statute of limitations period and performed overtime work without receiving all wages owed for such work."

16.     The Parties engaged in extensive informal exchanges of documents and information, including data regarding the Plaintiff Class members' workweeks and salaries.

17.     On August 24, 2017, the Parties participated in a private mediation with Hon. Morton Denlow (Ret.).  At the conclusion of the mediation, no settlement was reached, but the mediator made a proposal for a settlement of the Lawsuit.  On August 31, 2017, the Parties accepted the terms of the mediator's proposal.

18.     The Parties intend to fully, finally, and forever settle, compromise, and discharge all disputes and claims that were raised in the Lawsuit, including but not limited to requests for legal or equitable relief that have been asserted by Class Representative on behalf of herself and on behalf of members of the Plaintiff Class.

19.     The Parties expressly acknowledge that nothing in this Settlement Agreement, nor the fact of the Settlement Agreement itself, shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing of any kind by Defendant, nor shall it constitute an admission on behalf of Defendant of any fact or allegations against them, including any allegation that this matter is suitable for class or collective treatment.  Defendant specifically denies any liability.

20.     The Parties intend that this Settlement Agreement shall include a full and complete release of the claims asserted in the Lawsuit on behalf of the Plaintiff Class relating to the classification of Operations Market Professionals as exempt from overtime under Illinois, New York, and federal law, and/or any claim for relief relating to nonpayment of overtime wages and related penalties, releasing Defendant and all of its present and former parent companies, subsidiaries, shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers and successors and assigns.

21.     Class Counsel represent that they have conducted a thorough investigation into the facts of the Lawsuit, and have diligently pursued an investigation of the claims of the Plaintiff Class against Defendant.  Based on their own independent investigation and evaluation and all known facts and circumstances, including the risk of defenses asserted by Defendant regarding class certification and the merits of the claims, Class Counsel are of the opinion that

DocuSign Envelope ID: 0B2C9EE3-4A60-4A11-89CB-4ABD40764BE6

the settlement with Defendant is fair, reasonable, adequate, and in the best interest of the Plaintiff Class.

22.     Defendant denies that it has violated the law in any manner alleged in the Lawsuit.  Nonetheless, Defendant has concluded that further litigation of the Released Claims encompassed by this Settlement Agreement would be protracted and expensive, and would also divert management and employee time.  Defendant has taken into account the uncertainty and risks inherent in litigation and has, therefore, concluded that it is desirable that the claims in the Lawsuit be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.  Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant or as an admission that a class should be certified for any purpose other than settlement purposes.

23.     The Parties agree to cooperate and take all steps necessary and appropriate to obtain preliminary and final approval of this settlement, to effectuate all aspects of this Settlement Agreement.

24.     The total settlement fund payment under this Settlement Agreement, including, without limitation, the payments to the Settlement Class, Class Counsel's attorneys' fees and costs, any enhancement award for the Class Representative awarded by the Court, and all costs associated with administering the settlement is Eight Hundred Fifty Thousand Dollars ($850,000) ("Gross Settlement Fund").

25.     The amount remaining after deducting from the Gross Settlement Fund the amount of payment to the Class Counsel's attorneys' fees and costs, any enhancement award for the Class Representative awarded by the Court, and all costs associated with administering the settlement shall be referred to as the "Net Settlement Fund."  As described further below, all payments to the Settlement Class shall be from the Net Settlement Fund.

## CERTIFICATION OF THE PLAINTIFF CLASS
## FOR SETTLEMENT PURPOSES ONLY

26.     The Parties enter into this Agreement on a conditional basis.  This Settlement Agreement will become final and effective only upon the occurrence of all of the following events: (i) the Court entering an order granting preliminary approval of the Settlement Agreement; (ii) the Court entering an order granting final approval of the Settlement reflected in the Agreement; and (iii) the occurrence of the Effective Date, as defined in Paragraph 29(g) below.  Unless the Court orders otherwise, this Agreement shall be deemed null and void *ab initio* upon the failure of any of these three conditions to occur.

27.     For settlement purposes only, the Parties agree that the Plaintiff Class shall be conditionally certified. If the Court denies the preliminary approval of this Settlement Agreement, Defendant retains the right to contest whether the Lawsuit should be maintained as a class or collective action and to contest the merits of the claims being asserted in the Lawsuit.

28.     This Settlement Agreement is contingent upon the approval and certification by the Court of the Plaintiff Class for settlement purposes only.  Defendant does not waive, and

instead expressly reserves, its rights to challenge the propriety of class certification for any purpose should the Court not approve the Settlement Agreement. In connection with the proposed certification of the Plaintiff Class, the Parties shall cooperate and present to the Court for its consideration competent evidence, as may be requested by the Court, under the applicable due process requirements and standards for class certification.

## SETTLEMENT APPROVAL PROCEDURE

29.     This Settlement Agreement will become final and effective upon occurrence of all of the following events described in the following sub-paragraphs (a) – (g), inclusive:

    a.  Execution of this Settlement Agreement by the Parties and their respective counsel of record.

    b.  Submission of the Settlement Agreement to the Court for preliminary approval.

    c.  Entry of an order by the Court (1) granting preliminary approval of the Settlement Agreement, including conditional certification of the Plaintiff Class for settlement purposes only, (2) appointing Class Counsel; (3) appointing the Class Representative for the Plaintiff Class; and (4) appointing a Claims Administrator. The parties agree to use KCC, LLC as Claims Administrator in this matter.

    d.  Court approval of the form and content of a Notice of Pendency of Class Action, Proposed Settlement and Hearing Date ("Class Notice") advising the members of the Plaintiff Class of material terms and provisions of this Settlement Agreement, the procedure for approval thereof, and their rights with respect thereto, as well as a Claim Form and Consent Form. The parties propose the Illinois Class Notice attached as Exhibit B, the New York Class Notice attached as Exhibit C, the FLSA Collective Notice attached as Exhibit D, the Illinois Claim Form attached as Exhibit E, the New York Claim Form attached as Exhibit F and the FLSA Consent Form attached as Exhibit G.

    e.  Filing by Class Counsel, on or before the date of the final approval hearing, the Claims Administrator's verification, in writing, that the Class Notice to the Plaintiff Class Members has been disseminated in accordance with the Court's order.

    f.  Entry of an order by the Court granting final approval of the Settlement Agreement and entering judgment thereon.

    g.  Occurrence of the "Effective Date," which is defined as: (a) If no objections to the settlement are filed, the date of final approval of the settlement by the Court; (b) If objections to the settlement are filed and overruled and no appeal is taken of the final approval order, thirty one (31) days after the Court enters final approval; or (c) If any appeal is taken from the Court's overruling of objections to the settlement, the later of twenty (20) days after the appeal is

withdrawn or twenty (20) days after an appellate decision affirming the final approval decision becomes final.

30.     As soon as practicable after this Settlement Agreement has been signed by all parties and their counsel, Class Counsel shall move the Court for preliminary approval of this settlement, and request an order:

      a.  Conditionally certifying the Plaintiff Class;

      b.  Preliminarily approving this Settlement as fair, reasonable, and adequate;

      c.  Preliminarily appointing and approving Plaintiff as Class Representative;

      d.  Preliminarily appointing and approving Ryan F. Stephan and Catherine Mitchell of Stephan Zouras, LLP as Class Counsel;

      e.  Preliminarily appointing and approving KCC, LLC as the Claims Administrator;

      f.  Approving the procedure for sending notice to the members of the Plaintiff Class as set forth in this Settlement Agreement;

      g.  Approving the Class Notices to be sent to the Illinois and New York Rule 23 Class Members in substantially the same form as Exhibits B and C to this Agreement, or as modified by the Court;

      h.  Approving the FLSA Collective Notice to be sent to the FLSA Collective Members in substantially the same form as Exhibit D to this Agreement, or as modified by the Court;

      i.  Approving the Claim Forms to be sent to the Rule 23 Class Members in substantially the same form as Exhibits E and F to this Agreement, or as modified by the Court;

      j.  Approving the FLSA Consent Form to be sent to the FLSA Collective Members in substantially the same form as Exhibit G to this Agreement, or as modified by the Court;

      k.  Authorizing the Claims Administrator to mail the approved Class Notice, Claim Form, Collective Notice, and/or Consent Form to the Plaintiff Class Members.

31.     Class Counsel shall prepare and provide Defendant's counsel with no less than three court days to review, provide comments to, and otherwise approve the motion for preliminary approval of the settlement before the motion and supporting papers are filed with the Court.

DocuSign Envelope ID: 0B2C9EE3-4A60-4A11-89CB-4ABD40764BE6

32. Class Counsel shall be responsible for ensuring that at least the following documents are filed with the Court in advance of the final approval hearing so that the Court will have a sufficient basis upon which to evaluate and approve the Settlement:

    a. A final report by the Claims Administrator providing details regarding the execution of the approved notice process, the rate (if any) of opt-outs and objections, and other information vital to the Court's assessment of the fairness of the Agreement at the final approval hearing;

    b. A duly-noticed motion, accompanying memorandum of points and authorities prepared by Class Counsel (and approved by Defendant's counsel), and such other pleadings, evidence, or other documents as may be necessary for the Court to determine that the settlement documented by this Settlement Agreement is fair, adequate and reasonable;

    c. A [Proposed] Order for the Court's signature (i) finally approving the Settlement Agreement as being fair, adequate and reasonable; (ii) permanently enjoining all of the Settlement Class Members who do not timely exclude themselves from the Settlement Agreement from pursuing, or seeking to reopen, any Released Claims against any Released Parties; (iii) dismissing the Lawsuit with prejudice and entering Judgment consistent with this Settlement Agreement so as to permanently bar all Settlement Class Members from prosecuting against Releasees each of the Released Claims, as defined in Paragraphs 68 and 69, below; and (iv) providing for the continuing jurisdiction of the Court to enforce the settlement.

    d. A [Proposed] Judgment and Notice of Entry of Judgment (collectively, "Judgment").

33. Class Counsel shall provide Defendant's counsel with no less than three court days to review, provide comments to, and otherwise approve the motion for final approval of the Settlement, [Proposed] Order, and Judgment thereon before the motions and supporting papers are filed with the Court.

## SETTLEMENT PAYMENT AND CALCULATION OF CLAIM

34. In consideration of the mutual covenants and promises set forth herein, the Parties agree, subject to the Court's approval, as follows:

35. Without admitting any liability whatsoever, Defendant will settle the claims of the Plaintiff Class released by this Settlement Agreement by depositing, within (15) business days of the Effective Date of the Settlement, an amount up to the maximum amount of the Gross Settlement Fund into a qualified settlement fund, which shall be established and administered by the Claims Administrator (the "Qualified Settlement Fund"). Any interest accrued on this deposit shall be retained by Defendant. If final approval of the settlement is reversed on appeal, then Defendant shall be entitled to prompt return of the principal and all interest accrued. No money shall be distributed from the Qualified Settlement Fund unless and until the Effective Date occurs.

DocuSign Envelope ID: 0B2C9EE3-4A60-4A11-89CB-4ABD40764BE6

36.     All amounts paid as part of this Settlement Agreement shall be paid out of the Qualified Settlement Fund.  These amounts shall include (1) all payments to Settlement Class Members under this Settlement Agreement; (2) any enhancement payments to the Class Representative; (3) any and all costs of administering the settlement; (4) Class Counsel's Attorneys' Fees and Costs as approved by the Court; and (5) any other amounts required to be paid under this Settlement Agreement.  Defendant shall have no obligation under this Settlement Agreement to make any payment whatsoever beyond its obligation to make payments to the Qualified Settlement Fund in an amount equal to the designated Gross Settlement Fund, except that Defendant shall separately pay the employer's share of payroll taxes attributable to Individual Settlement Shares paid to Settlement Class Members.

37.     <u>Claims Administration Charges</u>.  All costs associated with administering the settlement (the "Claims Administration Charges"), whether foreseen or unforeseen, will be paid from the Qualified Settlement Fund.  The Claims Administration Charges for administration of the settlement include, but are not limited to, identification of class members' best address, printing and mailing of the Class Notice, creating and instituting a dedicated settlement website, processing claims, consent forms, disputes, requests for exclusion, and objections in accordance with this Settlement Agreement, calculating preliminary and final payment amounts and tax withholdings for Plaintiff Class Members, responding to inquiries from Plaintiff Class Members, issuing and mailing settlement payments and checks, reasonable efforts to locate Class Members, and preparing any required tax returns and tax reports.  Assuming that there is no significant change in the proposed scope of work or size of the class, the Claims Administrator's costs in administering the settlement of this Lawsuit is estimated to be no more than $15,000, and shall be reserved from the Qualified Settlement Fund by the Claims Administrator.  Payments to the Claims Administrator shall be made after the Effective Date. Any unused funds allocated to the Claims Administration Charges shall be paid back into the Net Settlement.

38.     <u>Class Counsel's Attorneys' Fees and Costs</u>.  No less than fourteen (14) days before the final approval hearing, Class Counsel will file a motion for an award of reasonable attorneys' fees and reimbursement of reasonable costs.  Class Counsel will seek Court approval for payment of attorneys' fees in the amount of up to 33% of the Gross Settlement Fund, or Two Hundred Eighty-Three Thousand and Fifty Dollars ($283,050.00), plus actual litigation costs, which are currently estimated to be approximately $10,000.  Defendant will not oppose an application by Class Counsel for an award of attorneys' fees up to one-third (33%) of the Gross Settlement Fund ($283,050.00), nor oppose an application by Class Counsel for an award of actual litigation costs incurred by Class Counsel in connection with the litigation of the Lawsuit, all of which will be paid out of the Gross Settlement Fund.  An appropriate 1099 form shall be provided to Class Counsel for such payments.  The Parties expressly agree that the Court's approval or denial of any request for attorneys' fees and costs are not material conditions to the Settlement Agreement, and are to be considered by the Court separately from the fairness, reasonableness, adequacy, and good faith of the Settlement.  Any order or proceeding relating to the application by Class Counsel for an award for attorneys' fees and costs shall not operate to terminate or cancel this Agreement.  Any reduction in Class Counsel's request for fees and costs shall revert to the Net Settlement.

39.     <u>Class Representative Enhancement</u>.  The Class Representative will seek Court approval for an enhancement payment in an amount not to exceed Fifteen Thousand Dollars

DocuSign Envelope ID: 0B2C9EE3-4A60-4A11-89CB-4ABD40764BE6

($15,000.00). This payment is intended to compensate the Class Representative for her efforts on behalf of the Settlement Class, which have substantially benefitted the Settlement Class. Defendant will not oppose the Class Representative's request for an enhancement payment of up to $15,000.00, to be paid from the Gross Settlement Fund, subject to approval by the Court. The final amount of any enhancement payment awarded to the Class Representative by the Court shall be binding on the Class Representative. Any enhancement payments to the Class Representative will be treated as a non-wage payment and reported as such by the Claims Administrator to the appropriate government taxing authorities, with the Class Representative being solely responsible for paying any and all taxes due on any such payments. The Parties expressly agree that the Court's approval or denial of any request for enhancement payments to the Class Representative is not a material condition to the Settlement Agreement, and is to be considered by the Court separately from the fairness, reasonableness, adequacy, and good faith of the Settlement Agreement. Any order or proceeding relating to the application by Class Counsel for an enhancement award to the Class Representative shall not operate to terminate or cancel this Agreement. Any reduction in the request for enhancement payments shall revert to the Net Settlement.

40. <u>Individual Settlement Shares</u>. The gross payment amount to each member of the Settlement Class shall be referred to as their "Individual Settlement Share." In determining the Individual Settlement Shares, the Net Settlement Fund will first be divided pro rata between the FLSA Collective and the Rule 23 Class based upon the total active workweeks of the Class Members. The portion of the Net Settlement Fund to be allocated to the FLSA Collective will be calculated by multiplying the amount of the Net Settlement Fund by a fraction, the numerator of which will be the sum of the total workweeks attributable to FLSA Collective Members and the denominator of which will be the total workweeks attributable to all Plaintiff Class Members (the "FLSA Collective Pro Rata Distribution"). The portion of the Net Settlement Fund to be allocated to the Rule 23 Class will be calculated by multiplying the amount of the Net Settlement Fund by a fraction, the numerator of which will be the sum of the total workweeks attributable to Rule 23 Class Members and the denominator of which will be the total workweeks attributable to all Plaintiff Class Members (the "Rule 23 Pro Rata Distribution"). Individual Settlement Shares will be based on the Settlement Class Member's pro rata share of the applicable pro rata distribution and will be calculated based upon the total number of weeks that the Settlement Class Member was actively employed (i.e., not on a leave of absence) in a relevant position during the relevant time period ("Eligible Workweeks"). More specifically, the Individual Settlement Shares for the FLSA Collective Members will be determined by dividing the FLSA Pro Rata Distribution by the total number of Eligible Workweeks for all FLSA Collective Members, and then multiplying that figure by each FLSA Collective Member's Eligible Workweeks. Similarly, the Individual Settlement Shares for the FLSA Collective Members will be determined by dividing the Rule 23 Pro Rata Distribution by the total number of Eligible Workweeks for all Rule 23 Class Members, and then multiplying that figure by each Rule 23 Class Member's Eligible Workweeks.

According to Defendant's records, the FLSA Collective Members and Rule 23 Class Members have worked a total of approximately 9,310 workweeks between November 23, 2010 and present. Approximately 2,450 of those workweeks are attributed to Illinois Rule 23 Class Members, 3,850 to New York Rule 23 Class Members, and 3,010 to FLSA Collective Members.

DocuSign Envelope ID: 0B2C9EE3-4A60-4A11-89CB-4ABD40764BE6

41.     The Parties agree that 1/3 of the amount distributed to each member of the Settlement Class will be considered wages and will be subject to employee withholdings required under federal, state and local laws and any other payroll charges required to be paid or deposited with the pertinent federal, state and local taxing agencies, 1/3 of the amount distributed to each member of the Settlement Class will be considered penalties and/or liquidated damages, and will be reported as such to each member of the Settlement Class on an IRS Form 1099, and 1/3 of the amount distributed to each member of the Settlement Class will be considered interest, and will be reported as such to each member of the Settlement Class on an IRS Form 1099.  All Parties represent that they have not received, and shall not rely on, advice or representations from other parties or their agents regarding the tax treatment of payments under federal, state, or local law.

42.     No employee benefit provided by Defendant to any Settlement Class Member, including but not limited to any 401(k) benefits, shall increase or accrue as a result of any payment made in accordance with this Agreement.

43.     The Parties are mindful that the total consideration payable hereunder is comprised of a number of separate and distinct claims for damages and penalties by Class Representative and the Plaintiff Class Members.  Accordingly, having considered the matter in detail, having performed their own separate and independent computations and estimation of the damages and penalties potentially awardable to Plaintiff at trial, and having done the foregoing with complete and satisfactory access to, and advice from, accounting and legal advisors, the Parties mutually consent and agree that the Net Settlement Fund be apportioned among the Class Members' various wage and non-wage claims in this action as set forth above.  Moreover, the Parties mutually consent and agree, and hereby represent to the Court in this judicially-supervised settlement transaction, that the apportionment of the Net Settlement Fund as stated above is a reasonable and arm's length determination of the character of the Individual Settlement Shares for all purposes, including for tax purposes.

## APPOINTMENT OF CLAIMS ADMINISTRATOR

44.     The Parties have agreed, subject to the Court's approval, to the appointment of KCC, LLC to perform the duties of a Claims Administrator for the purposes of verifying any amounts due to Settlement Class Members as described in this Settlement Agreement.  The Claims Administrator will administer disbursements from the Gross Settlement Fund paid by Defendant into the Qualified Settlement Fund, including, but not limited to, distributing the Class Notice, calculating Individual Settlement Shares, calculating the employee's share of payroll tax, calculating interest owed, preparing and issuing all disbursements to be paid to Class Members, Class Counsel, and the local state and federal payroll tax authorities, and handling inquiries and/or disputes about the calculation of the Settlement Awards.  The Claims Administrator shall be responsible for the timely filing of all federal, state and local tax returns of the Qualified Settlement Fund and making the timely payment of any and all taxes and withholdings required with such returns.  The Claims Administrator shall coordinate as necessary with Defendant to report and remit all state and unemployment payroll taxes to the proper agencies.  The Claims Administrator shall establish a dedicated settlement website, an email address and toll-free telephone number to direct inquiries regarding the Class Notice and determination of Individual Settlement Shares.  All questions by Class Members shall be directed to the Claims

DocuSign Envelope ID: 0B2C9EE3-4A60-4A11-89CB-4ABD40764BE6

Administrator and Class Counsel. All disputes relating to the Claims Administrator's ability and need to perform its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this Settlement Agreement, until all payments and obligations contemplated by the Settlement Agreement have been fully carried out. All Claims Administration Charges associated with administering disbursements from the Qualified Settlement Fund including, but not limited to, the fees and costs of the Claims Administrator and the cost of the Class Notice, shall be paid entirely from the Gross Settlement Fund, as set forth in Paragraph 36, above. The Parties expect that the Claims Administrator shall conduct all administration of all disbursements of the Gross Settlement Fund and that Class Counsel shall receive no portion of the Claims Administration Charges paid to the Claims Administrator.

### NOTICE TO THE PLAINTIFF CLASS

45. Defendant will provide to the Claims Administrator, within ten (10) calendar days of the entry of an order granting preliminary approval of the Settlement Agreement and Class Notice, a database including the following information for each member of the Plaintiff Class: (1) last known address, telephone number and email address, (2) Social Security number, and (3) data pertaining to the number of weeks that each individual was actively working (i.e., not on a leave of absence) in a position as part of the Plaintiff Class (the "Database"). Defendant agrees to provide the Database in a format reasonably acceptable to the Claims Administrator. The Claims Administrator will keep the Database confidential, use it only for the purposes described herein, and return it to Defendant upon final approval of the Settlement, or otherwise certify that it has been permanently and irreversibly destroyed. Unless otherwise agreed by the Parties, all eligibility and settlement award determinations shall be based solely on Defendant's employment records.

46. **FLSA Collective Members:** Within fourteen (14) calendar days of receipt by the Claims Administrator of the Database, the Claims Administrator will mail to all members of the FLSA Collective, via First-Class United States Mail, the Court-approved Collective Notice and Consent Form. The Collective Notice shall inform the eligible FLSA Collective Members of their eligibility to participate in the Settlement. Prior to the mailing, the Claims Administrator shall run the addresses through the U.S. Postal Service's National Change of Address database and update the Database as necessary.

47. **Rule 23 Class Members:** Within fourteen (14) calendar days of receipt by the Claims Administrator of the Database, the Claims Administrator will mail to all members of the Rule 23 Class, via First-Class United States Mail, the Court-approved Class Notices and Claim Forms. The Class Notices shall inform the Rule 23 Class Members that, unless they follow the procedures for opting out (described in Paragraph 57 below), they will be deemed to have accepted the settlement and the terms of this Settlement Agreement. The Class Notices shall also inform Rule 23 Class Members that by completing and timely submitting a Claim Form, they will be consenting to join in the Lawsuit and release all claims under the FLSA, as described in Paragraph 69 below. Prior to the mailing, the Claims Administrator shall run the addresses through the U.S. Postal Service's National Change of Address database and update the Database as necessary.

DocuSign Envelope ID: 0B2C9EE3-4A60-4A11-89CB-4ABD40764BE6

48.     With respect to those Plaintiff Class Members whose envelope containing the Class Notice is returned to the Claims Administrator as undeliverable, the Claims Administrator shall promptly attempt to obtain a valid mailing address by use of one or more skip trace databases such as the Equifax, NCOA ("National Change of Address") database search, and skip trace.  If another address is identified, the Claims Administrator shall immediately thereafter send the Class Notice to the new address.

49.     In addition, no later than fourteen (14) calendar days following the receipt of the Database from Defendant, the Claims Administrator shall create and institute a dedicated website.  The dedicated website shall include: (a) a brief welcome page approved by the Parties; (b) the Class Notice(s); (c) the Illinois Rule 23 Claim Form; (d) the New York Rule 23 Claim Form; (e) the FLSA Claim Form; (f) contact information for Class Counsel; (g) contact information for the Claims Administrator; and (h) all applicable deadlines.  The dedicated website shall be taken down within seven (7) calendar days following the Claim Deadline.

50.     Class Counsel shall provide the Court, at least fourteen (14) calendar days prior to the final approval hearing, a declaration by the Claims Administrator of due diligence and proof of mailing with regard to the mailing of the Class Notice.

## CLAIMS PROCESS

51.     Plaintiff Class Members must comply with the following procedures to share in disbursements from the Net Settlement Fund.

52.     **For FLSA Collective Members:** The Consent Form must be signed by the individual and returned to the Claims Administrator as indicated on the Collective Notice and Consent Form no later than (60) days after the date the Claims Administrator first mails the Collective Notice and Consent Form to the FLSA Collective Members ("Consent Deadline").  The date of submission of a Claim Form to the Claims Administrator is deemed to be the earlier of: (a) the date the Claim Form is deposited in the U.S. Mail, postage pre-paid, as evidenced by the postmark; (b) the date the Claim Form is tendered to an overnight service for delivery, as indicated by a shipping envelope; or (c) the date the Claim Form is received by the Claims Administrator.  If an FLSA Collective Member does not submit a properly completed Consent Form on or before the Consent Deadline, the FLSA Collective Member's Individual Settlement Share that otherwise would have been payable to said FLSA Collective Member if a properly completed Consent Form had been timely submitted by the FLSA Collective Member shall be retained by Defendant.  Potential FLSA Collective Members who do not submit valid consent forms do not release any claims against the Defendant except for those FLSA Collective Members who are also Rule 23 Class Members.

53.     **For Rule 23 Class Members:** The Claim Form must be signed by the individual and returned to the Claims Administrator as indicated on the Class Notice no later than 60 days after the date the Claims Administrator first mails the Class Notice and Claim Form to the Rule 23 Class Members (the "Claim Deadline").  The Claim Form will include a written consent to join the Lawsuit and release FLSA claims. The date of submission of a Claim Form to the Claims Administrator is deemed to be the earlier of: (a) the date the Claim Form is deposited in the U.S. Mail, postage pre-paid, as evidenced by the postmark; (b) the date the Claim Form is

tendered to an overnight service for delivery, as indicated by a shipping envelope; or (c) the date the Claim Form is received by the Claims Administrator. Absent a showing of good cause or by agreement of the Parties, or as otherwise ordered by the Court, no Claim Form will be honored if postmarked after the Claim Deadline. If a Rule 23 Class Member does not submit a properly completed Claim Form on or before the Claim Deadline, the Rule 23 Class Member's Individual Settlement Share, that otherwise would have been payable to said Rule 23 Class Member if a properly completed Claim Form had been timely submitted by the Rule 23 Class Member, shall be distributed as follows: 50% retained by Defendant and 50% redistributed on a pro rata basis to the Rule 23 Class Members who have timely submitted Claim Forms by the Claim Deadline.

54.     In the event a Consent Form or Claim Form is submitted timely but is deficient in one or more aspects, the Claims Administrator will return the Consent Form or Claim Form to the class member with a letter explaining the deficiencies and stating that the class member will have (21) calendar days from the date of the deficiency notice to correct the deficiencies and resubmit the Consent Form or Claim Form. The resubmitted Consent Form or Claim Form must be submitted within (21) calendar days of the date of the deficiency notice to be considered timely unless there is a showing of good cause for additional time. No Plaintiff Class Member will be provided a second notice of deficiency.

55.     The Claims Administrator will review the Consent Forms and Claim Forms and make any calculations of payments to be distributed as described above by reviewing the Consent Forms and Claim Forms and documentation provided by Defendant. The Claims Administrator will certify jointly to Class Counsel and Defendant's Counsel what claims were timely filed.

56.     Upon completion of its calculation of payments, the Claims Administrator will provide Class Counsel and Defendant's counsel with a report listing the amount of all payments to be made to each Settlement Class Member. After receiving the Claims Administrator's report, Class Counsel and Defendant's Counsel shall jointly review the same to determine if the calculation of payments to class members is consistent with this Settlement.

## OBJECTIONS AND REQUESTS FOR EXCLUSION FOR RULE 23 CLASS MEMBERS

57.     Rule 23 Class Members may exclude themselves from the Settlement Agreement by mailing to the Claims Administrator a request for exclusion, which expresses their desire to be excluded from the Settlement Class, including their name (and former names, if any), current address, telephone number, and social security number. Any such request for exclusion must be postmarked not more than (60) calendar days after the date the Class Notice is initially mailed to the Plaintiff Class Members. Requests to opt out of the settlement that do not include all required information, or that are not submitted on a timely basis, will be deemed null, void, and ineffective. Persons who are eligible to and do submit valid and timely requests to opt out of the settlement will not participate in the settlement, nor will they be bound by the terms of the Settlement Agreement, if it is approved, or the final Judgment in the Lawsuit. If a member of the Plaintiff Class submits both a Claim Form and a request for exclusion, the request for exclusion will be deemed invalid and the member's Claim Form and release will be valid.

DocuSign Envelope ID: 0B2C9EE3-4A60-4A11-89CB-4ABD40764BE6

58.     Rule 23 Class Members may object to the settlement by filing an objection with the clerk of the Court (and serve it on the Claims Administrator and all counsel identified in the notice) no later than (60) calendar days after the date the Class Notice is initially mailed to the Plaintiff Class Members.  Any Rule 23 Class Member who fails to timely file such a written statement of his or her intention to object, or who requests to exclude themselves from the settlement, shall be foreclosed from making any objection to this settlement, unless otherwise ordered by the Court.

59.     Counsel for the Parties shall file any response to any objections to the settlement submitted by any Rule 23 Class Member at least fourteen (14) court days before the date of the final approval hearing, or as otherwise ordered by the Court.

## DISPUTE PROCESS

60.     The Claim Forms will apprise each Rule 23 Class Member and the Consent Form will apprise each FLSA Collective Member of their number of Eligible Workweeks and their estimated Individual Settlement Share, assuming that all Class Members submit a Claim Form or Consent Form, as appropriate.  These calculations shall be based on Defendant's records, as described above in Paragraph 40.

61.     If a Class Member does not wish to challenge the information set forth in the Claim Form or Consent Form, then the member need do nothing except submit the Claim Form or Consent Form in a timely fashion, as directed in the Class Notice or Collective Notice, and payment will be made pursuant to this Settlement Agreement based on Defendant's records.

62.     If a Class Member wishes to challenge the information set forth in the Claim Form or Consent Form, then the member must submit with their Claim Form or Consent Form a written, signed challenge under penalty of perjury, along with any supporting documents to the Claims Administrator at the address provided on the Claim Form or Consent Form within (60) days of the date the Claim Form or Consent Form was originally mailed to the Class Member. No dispute will be timely if submitted more than (60) calendar days after the date the Claim Form or Consent Form was originally mailed to the Class Member.  Counsel for the Parties may stipulate to a compromise or stipulate to allow the Claims Administrator to resolve the challenge and make a final and binding determination without hearing or right of appeal.  Thereafter, the Claims Administrator shall inform the member whether his or her dispute was resolved in his or her favor within ten (10) days after the challenge is made.  In the case of a dispute, the Class Member shall have the burden of proof to show that Defendant's records are incorrect.  If any other dispute arises with regard to the propriety of a Claim Form, counsel for the Parties may stipulate to a compromise or stipulate to allow the Claims Administrator to resolve the dispute and make a final and binding determination without hearing or right of appeal.  Engaging in the dispute process set forth in this paragraph does not extend the time to opt out of the class.

## FUNDING OF SETTLEMENT AND DISBURSEMENTS

63.     Funding of Qualified Settlement Fund.  Within (15) calendar days after the Effective Date, Defendant shall wire money to the Claims Administrator for deposit into the Qualified Settlement Fund in an amount equal to the total of all Individual Settlement Awards

for which Class Members have submitted Claim Forms or Consent Forms (including 50% of any unclaimed funds for the Illinois Rule 23 Class and New York Rule 23 Class to be redistributed on a *pro rata* basis to the Rule 23 Class Members who have timely submitted claim forms as set forth above in paragraph 53), court-ordered Attorneys' Fees and Costs, court-ordered enhancement payment to the Class Representative, and the employer's share of payroll taxes attributable to the Individual Settlement Awards for which Class Members have submitted Claim Forms or Consent Forms.

64.    Disbursement of Settlement Awards, Attorneys' Fees and Costs, and Enhancements.  No later than ten (10) calendar days after Defendant has wired the amount described in Paragraph 63 into the Qualified Settlement Fund, the Claims Administrator shall issue and mail the checks representing the Individual Settlement Shares to the Settlement Class Members, as well as disburse any court-approved attorney's fees and costs, Claims Administration Charges, and court-approved enhancement payments.  The mailing of Individual Settlement Shares shall be by first-class United States mail to the last known mailing address of each Settlement Class Member.  Class Counsel shall be paid wire transfer per the written instructions provided by Class Counsel to the Claims Administrator.  The mailing of any enhancement payments shall be by first-class United States mail to Class Counsel.

65.    The Claims Administrator shall make the required payments as set forth in the Court's Final Order and Judgment.  The Claims Administrator must keep counsel for the Parties apprised of all distributions of Individual Settlement Shares and, upon completion of the mailing of the Individual Settlement Shares, the Claims Administrator shall promptly provide a written report to counsel for the Parties showing all payments made to Settlement Class Members, tax authorities, Plaintiff, Class Counsel, and the Claims Administrator.

66.    Checks to the Settlement Class Members shall remain valid and negotiable for 90 days from the date of their issuance and may thereafter automatically be canceled if not cashed within that time period.  The Claims Administrator shall provide a list of any settlement checks that are not cashed/negotiated ("Uncashed Checks") to counsel for the Parties at the conclusion of the 90-day period.  Within 10 days of the expiration of the 90-day period, the Claims Administrator shall transfer any funds from Uncashed Checks as follows:

a.    For any Uncashed Checks to the Illinois Rule 23 Class Members, the Claims Administrator shall transfer any funds to the State of Illinois Unclaimed Property Fund for the benefit of the Rule 23 Class Member(s).

b.    For any Uncashed Checks to the New York Rule 23 Class Members, the Claims Administrator shall transfer any funds to the State of New York Unclaimed Property Fund for the benefit of the Rule 23 Class Member(s).

c.    For any Uncashed Checks to the FLSA Collective Members, the funds shall revert to Defendant.

67.    Upon completion of the administration of the settlement under this Settlement Agreement, the Claims Administrator shall provide to Defendant's Counsel the following: (a) specimens of all form documents sent to Class Members, including the Class Notice(s), Claim

DocuSign Envelope ID: 0B2C9EE3-4A60-4A11-89CB-4ABD40764BE6

Forms and Consent Form; (b) copies of all non-privileged documents actually sent to the Class Members, including without limitation, those itemized in (a), *supra*; and (c) a register listing all Settlement Class Members and the payment made to each Settlement Class Member under this settlement. In addition, the Claims Administrator shall provide to Defendant a register of all Rule 23 Class Members who excluded themselves from the settlement.

## RELEASE OF CLAIMS

68. **Rule 23 Class Members:** Upon the final approval by the Court of this Settlement Agreement, and except as to such rights or claims as may be created by this Settlement Agreement, all Rule 23 Class Members who have not opted out of the settlement, regardless of whether that member submitted a timely claim, fully release and discharge Defendant and Defendant's present and former parent companies (including Bank of America Corporation), subsidiaries, shareholders, officers, directors, employees, agents, registered representatives, attorneys, insurers, successors and assigns ("Releasees"), from any and all individual and class claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, that were alleged in the Lawsuit, including, but not limited to any claims under federal or state law that are alleged in the Complaint, SAC, or TAC, or could have been alleged based upon the facts alleged in the Complaint, SAC, or TAC, i.e., that the Plaintiff Class Members were misclassified as exempt from overtime under either Illinois or New York law (the "Released Claims"). The Released Claims include, but are not necessarily limited to, any claim for violation of any federal, state, or local statute, rule, or regulation relating to the designation or treatment as exempt from overtime. This includes claims under Illinois and New York state laws for alleged failure to pay minimum or overtime wages and for any statutory or civil penalties under any statute, ordinance, or otherwise arising from or related to the classification as exempt from overtime. All Rule 23 Class Members who have not opted out of the settlement and who submit a timely Claim Form will, in addition to the Released Claims, fully release and discharge Defendant and all Releasees from any and all claims under the FLSA for alleged failure to pay minimum or overtime wages and for any statutory or civil penalties and liquidated damages arising from or related to the classification as exempt from the FLSA.

69. **FLSA Collective Members:** Upon the final approval by the Court of this Settlement Agreement, and except as to such rights or claims as may be created by this Settlement Agreement, all FLSA Collective Members who have timely opted in to the settlement will fully release and discharge Defendant and Defendant's present and former parent companies (including Bank of America Corporation), subsidiaries, shareholders, officers, directors, employees, agents, registered representatives, attorneys, insurers, successors and assigns ("Releasees"), from any and all individual and class claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, that were alleged in the Lawsuit, including, but not limited to any claims under federal or state law that are alleged in the Complaint, SAC, or TAC, or could have been alleged based upon the facts alleged in the Complaint, SAC, or TAC, i.e., that the Plaintiff Class Members were misclassified as exempt from overtime (the "Released Claims"). The Released Claims include, but are not necessarily limited to, any claim for violation of any federal, state, or local statute, rule, or regulation relating to the designation or treatment as exempt from the FLSA. This includes claims under

DocuSign Envelope ID: 0B2C9EE3-4A60-4A11-89CB-4ABD40764BE6

FLSA Collective Members' respective governing state or local laws for alleged failure to pay minimum or overtime wages and for any statutory or civil penalties under any statute, ordinance, or otherwise arising from or related to the classification as exempt from overtime, exclusively for the same time period covering the FLSA Collective Member's claims released under the FLSA.

70.     The Parties stipulate that beyond the Gross Settlement Fund, Defendant shall not owe any further monies to the Class Representative, Settlement Class Members, or to Class Counsel based upon the claims made and facts alleged in the Lawsuit.

71.     It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge the Released Claims. Upon entry of an order granting final approval and judgment in the Action, Class Representative and each and every Settlement Class Member shall be bound by the terms of this Settlement Agreement and shall have recourse exclusively to the benefits, rights, and remedies provided hereunder. Class Representative and each and every Settlement Class Member shall be deemed to have, and by operation of the judgment and final approval order entered by the Court shall have fully, finally, and forever released, relinquished, and discharged each and all of the Released Parties from any and all Released Claims through the date of entry of Judgment in the Lawsuit.

72.     Upon final approval by the Court of this Settlement Agreement, and for and in consideration of the payment of an enhancement payment to the Class Representative for services performed on behalf of the Plaintiff Class Members, the Class Representative, and her respective heirs, representatives, attorneys, administrators, executors, successors and assigns, fully release and discharge Releasees from any and all actions, causes of action, grievances, obligations, costs, expenses, damages, losses, claims, liabilities, suits, debts, demands, and benefits (including attorneys' fees and costs actually incurred), of whatever character, in law or in equity, known or unknown, suspected or unsuspected, matured or unmatured, of any kind or nature whatsoever, based on any act, omission, event, occurrence, or nonoccurrence from the beginning of time to the effective date of this Agreement, including but not limited to any claims or causes of action arising out of or in any way relating to the Class Representative's employment relationship with Defendant or any Releasee. The Class Representative agrees that this release of claims includes, but is not limited to, claims for breach of any implied or express contract or covenant; claims for promissory estoppel; claims of entitlement to any pay; claims of wrongful denial of insurance and employee benefits; claims for wrongful termination, public policy violations, defamation, invasion of privacy, emotional distress or other common law or tort matters; claims of harassment, retaliation, or discrimination under federal, state, or local law; claims based on any federal, state, or other governmental statute, regulation or ordinance, including, without limitation, the FLSA, Title VII of the Civil Rights Act, as amended, the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, the Americans with Disabilities Act, the Family and Medical Leave Act, the Illinois Human Rights Act, the IMWL, the Illinois Wage Payment and Collection Act and the Employee Retirement Income Security Act.

73.     In addition to Class Representative's full and general release, Class Representative agrees that she will not at any time in the future, seek, apply for, or accept employment with Defendant or any of their parent companies or subsidiaries.

## VOIDING THE SETTLEMENT AGREEMENT

74.  If the Court does not approve any material condition of this Settlement Agreement or effects a fundamental change of the Settlement Agreement, the entire Settlement Agreement will be voidable and unenforceable.  The Parties expressly agree that the Court's approval or denial of any request for attorneys' fees and costs or any enhancement payment to the Class Representative are not material conditions to this agreement, and are to be considered by the Court separately from the fairness, reasonableness, adequacy, and good faith of the settlement.

75.  If 10% or more of the Rule 23 Class Members do not participate in this settlement by excluding themselves from the Rule 23 settlement or 90% or more of the FLSA Collective Members do not participate in this settlement by failing to opt-in to the FLSA settlement, then Defendant may withdraw from and void this Settlement Agreement by providing notice to Class Counsel and to the Court within seven (7) calendar days after the Claims Administrator provides the parties with a list of all Rule 23 Class Members who have opted out of the settlement and FLSA Collective Members who have failed to opt-in to the settlement.  The Parties agree not to encourage any Rule 23 Class Member to opt out of the settlement and any FLSA Collective Member to not opt in to the settlement.

## MUTUAL FULL COOPERATION

76.  The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents as may reasonably be necessary to implement the terms of this Settlement Agreement.  The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement.  As soon as practicable after execution of this Settlement Agreement, Class Counsel shall, with the assistance and cooperation of Defendant's Counsel, take all necessary steps to secure the Court's final approval of this Settlement Agreement.

## NO ADMISSION OF LIABILITY

77.  Each of the Parties has entered into this Settlement Agreement with the intention to avoid further disputes and litigation with the attendant risk, inconvenience and expense. Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant.  This Settlement Agreement is a settlement document and shall, pursuant to Illinois Rules of Evidence 408, New York Civil Practice Law and Rules § 4547 and Federal Rule of Evidence 408, be inadmissible in evidence in any proceeding.  The preceding sentence shall not apply to an action or proceeding to approve, interpret, or enforce this Settlement Agreement.

## CONSTRUCTION AND INTERPRETATION

78.  The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against any of the Parties by reason of their participation in the drafting of this Settlement Agreement

DocuSign Envelope ID: 0B2C9EE3-4A60-4A11-89CB-4ABD40764BE6

79.     Paragraph titles are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any of its provisions.  Each term of this Settlement Agreement is contractual and not merely a recital.

80.     This Agreement shall be subject to and governed by the laws of the State of Illinois and subject to the continuing jurisdiction of the United States District Court, Northern District of Illinois.

## MODIFICATION

81.     This Settlement Agreement may not be changed, altered, or modified, except in writing and signed by counsel for the Parties, and approved by the Court.  This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for the Parties.

## INTEGRATION CLAUSE

82.     This Settlement Agreement contains the entire agreement between the Parties relating to any and all matters addressed in the Settlement Agreement, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, with respect to such matters are extinguished.  No rights hereunder may be waived or modified except in a writing signed by all Parties.

## BINDING ON ASSIGNS

83.     This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## EFFECT OF NOTICE

84.     It is agreed that it is impossible or impractical to have each member of the class execute this Settlement Agreement.  The Notice will advise all Settlement Class Members of the binding nature of the release and such shall have the same force and effect as if each member of the class executed this Settlement Agreement.

## EACH PARTY TO BEAR OWN COSTS

85.     Except as specifically provided herein, the Parties hereto will bear responsibility for their own attorneys' fees and costs, taxable or otherwise, incurred by them or arising out of this Lawsuit, and will not seek reimbursement thereof from any Party to this Settlement Agreement.

## CONFIDENTIALITY

86.  The Parties and their counsel agree that they will not issue any press releases or press statements, post any internet disclosures, have any communications with the press or media about this Settlement Agreement, or otherwise publicize the terms of this Settlement Agreement

DocuSign Envelope ID: 0B2C9EE3-4A60-4A11-89CB-4ABD40764BE6

in any medium, including but not limited to internet blogs or chat rooms, Facebook, or a law firm website, prior to the entry by the Court of an order granting preliminary approval. If counsel for either Party receives an inquiry about settlement from the media, counsel may respond only after the motion for preliminary approval has been filed and only by confirming the terms of the settlement. Thereafter, Plaintiff and her counsel agree not to issue press releases, hold any press conferences, or otherwise actively publicize the settlement (except on Class Counsel's public website through webpages and links intended to inform class members about the settlement and its terms, the Court's orders in the case, and to maximize participation in the settlement). Notwithstanding the foregoing, the Parties shall have the right to disclose this Settlement Agreement as may be required under federal or state tax and/or securities laws or under generally accepted accounting principles, and may disclose in legal proceedings the terms of this Settlement Agreement.

## STAY OF PROCEEDINGS

87.     The Parties agree to stay all proceedings in the Lawsuit, except such proceedings as may be necessary to implement the Settlement Agreement, until the Effective Date or until the Settlement Agreement is voided or not approved.

88.     The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Settlement Agreement and all orders and judgments entered in connection therewith.

## PARTIES' AUTHORITY

89.     The signatories represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties to its terms and conditions.

## COUNTERPARTS

90.     This Settlement Agreement may be executed in one or more counterparts and by facsimile or email. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Settlement Agreement shall exchange among themselves signed counterparts.

[*signatures appear on following pages*]

**IT IS SO STIPULATED AND AGREED:**

<u>**PLAINTIFF/CLASS REPRESENTATIVE AND CLASS COUNSEL**</u>

Dated:  10/26/2017

**Stephan Zouras, LLP**

By: _____
Ryan F. Stephan, Esq.
Stephan Zouras, LLP
205 N. Michigan Ave., Ste. 2560
Chicago, Illinois  60602
Telephone:   (312) 233-1550
Facsimile:   (312) 698-4562
rstephan@stephanzouras.com
cmitchell@stephanzouras.com

Dated:  10/23/2017

By: _____
Arlene Kaminski
Plaintiff/Class Representative

<u>**DEFENDANT AND COUNSEL FOR DEFENDANT**</u>

Dated:

**MCGUIREWOODS LLP**

By: _____
Michael D. Mandel, Esq.
MCGUIREWOODS LLP
1800 Century Park East, 8th Floor
Los Angeles, CA  90067
Telephone:   (310) 315-8200
Facsimile:   (310) 956.3113
mmandel@mcguirewoods.com

Attorneys for Defendant

Dated:

BANK OF AMERICA, N.A.

By: _____

Title: _____

21

**IT IS SO STIPULATED AND AGREED:**

**PLAINTIFF/CLASS REPRESENTATIVE AND CLASS COUNSEL**

Dated:                                             **Stephan Zouras, LLP**

By: _____
Ryan F. Stephan, Esq.
Stephan Zouras, LLP
205 N. Michigan Ave., Ste. 2560
Chicago, Illinois 60602
Telephone:  (312) 233-1550
Facsimile:   (312) 698-4562
rstephan@stephanzouras.com
cmitchell@stephanzouras.com

Dated: _____

_____
Arlene Kaminski
Plaintiff/Class Representative

**DEFENDANT AND COUNSEL FOR DEFENDANT**

Dated: 10/27/2017                **McGuireWoods LLP**

By: _____
Michael D. Mandel, Esq.
McGuireWoods LLP
1800 Century Park East, 8th Floor
Los Angeles, CA 90067
Telephone:  (310) 315-8200
Facsimile:   (310) 956.3113
mmandel@mcguirewoods.com

Attorneys for Defendant

Dated: 10/26/17                BANK OF AMERICA, N.A.

By: _____

Title: SVP; Assistant General Counsel

21