IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARLENE KAMINSKI, individually and for all others similarly situated, | ) ) ) Case No. 1:16-cv-10844 |
| Plaintiffs, | ) ) |
| v. | ) Honorable Judge Robert W. ) Gettleman |
| BANK OF AMERICA, N.A., | ) ) |
| Defendant. | ) ) |

**FINAL APPROVAL ORDER AND FINAL JUDGMENT**

On February 14, 2018 the Court heard the Parties' Joint Motion for Final Approval of a Class and Collective Action Settlement, as well as Plaintiffs' Unopposed Petition for Approval of Attorneys' Fees, Reimbursement of Expenses and A Service Payment to Named Plaintiff. The Court has considered both Motions and other related materials submitted by the Parties, as well as the Parties' presentation at the hearing on final approval, and otherwise being fully informed on the premises, hereby finds and orders as follows:

1. This Court has jurisdiction over the subject matter of this action and over all Parties to this action pursuant to 28 U.S.C. § 1331 and § 216(b) of the Fair Labor Standards Act ("FLSA") and has supplemental jurisdiction over Plaintiffs' Illinois Minimum Wage Law ("IMWL") and New York Labor Law ("NYLL") claims pursuant to 28 U.S.C. § 1367(a), including jurisdiction over all Plaintiff Class Members.

2. The Court grants final approval of the settlement, as memorialized in the Settlement Agreement and previously filed with the Court.

3. The Court finds that the Settlement is fair, reasonable and adequate, and in the best interests of the Plaintiff Class Members. The Court finds that: (a) the strength of Plaintiffs' case

on the merits weighed against Defendant's defenses, and the complexity, length and expense of further litigation, support approval of the Settlement; (b) the Gross Settlement Amount of $850,000.00 as set forth in the Settlement Agreement is a fair, reasonable and adequate settlement of the claims; (c) the Settlement was reached pursuant to arm's-length negotiations between the Parties; (d) the support for the Settlement expressed by Class Counsel and counsel for Defendant, both of whom have significant experience representing parties in complex class actions, including those involving wage and hour claims, weighs in favor of approval of the Settlement; (e) the absence of any objections to the Settlement by Plaintiff Class Members supports approval of the Settlement; and (f) the litigation has progressed to a stage where the Court and the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, and thus warrants approval of the Settlement.

4. Class Counsel is awarded $283,050.00 in attorneys' fees.

5. Class Counsel is awarded reasonable expenses in the amount of $8,920.62.

6. KCC is administering the settlement pursuant to the Settlement Agreement, with the assistance of Class Counsel and Defendant's counsel. KCC shall distribute settlement checks to each member of the Settlement Class who submitted a valid Claim Form, as well as to the Named Plaintiff, in accordance with the provisions of the Settlement Agreement. KCC is therefore awarded $15,000.00 in claims administration costs.

7. The Court finds that Named Plaintiff, Arlene Kaminski, in prosecuting the case on behalf of the Class, made a substantial contribution to its outcome, and are therefore deserving of an enhancement award in recognition of their efforts. An enhancement payment in the amount of $15,000 is therefore approved, in addition to any pro rata share of the Settlement Fund to which she is entitled.

8. The foregoing awards shall be paid from the Gross Settlement Fund of $850,000.00.

9. Except as otherwise provided by this Order, the parties will bear their own costs and attorneys' fees.

10. The Court hereby approves the Settlement and releases set forth in the Settlement Agreement. Within 45 days of the entry of this Order, unless there is an appeal, the Lawsuit will be dismissed in its entirety with prejudice, without awarding fees or costs to the Parties except as otherwise provided in the Settlement Agreement and this Order. Without affecting the finality of this Order or Judgment, the Court retains jurisdiction over the Parties and the Settlement Class Members as to all matters concerning the administration, consummation, implementation, interpretation, and enforcement of the Settlement Agreement, including overseeing the distribution of settlement funds.

**IT IS SO ORDERED.**

Dated: February 15, 2018

_____
The Honorable Robert W. Gettleman
United States District Court Judge for the
Northern District of Illinois